FIFTH THIRD BANK, APPELLEE, *v.* LILLY; LILLY, APPELLANT.

(No. C-870509—Decided June 29, 1988.)

*Riesenfeld & Associates* and *John L. Day, Jr.,* for appellee.

*William H. Blessing,* for appellant.

HILDEBRANDT, P.J. Defendant-appellant, Charlene M. Lilly ("appellant"), appeals from the judgment of the court of common pleas granting partial summary judgment in favor of the plaintiff-appellee, Fifth Third Bank ("Fifth Third"). We affirm.

The record discloses that on December 22, 1986, Fifth Third filed a complaint on a delinquent Visa account in the Hamilton County Municipal Court against appellant and her husband, Thomas E. Lilly ("Lilly"). On March 20, 1987, appellant filed a general denial in which she alleged, *inter alia,* that any amount due on the complaint was Lilly's debt. Appellant also counterclaimed against Fifth Third, maintaining that the bank, without authority, applied her one-half interest in a $100,000 certificate of deposit to an unrelated debt due owed by Lilly to Fifth Third. Appellant sought judgment against Fifth Third in the amount of $50,000 plus interest and costs. Fifth Third's reply to the counterclaim denied liability to appellant. Because the counterclaim demand exceeded the municipal court's jurisdiction, the entire cause was transferred to the court of common pleas on May 6, 1987.

Prior to the transfer of the case to the court of common pleas, Fifth Third moved for summary judgment on the counterclaim. The evidentiary material in support of the motion for summary judgment included the affidavit of Stephen R. Mullin, a banking officer for Fifth Third. Mullin averred, *inter alia:*

"(2) On or about January 16,

1986, Thomas E. Lilly executed and delivered to the Fifth Third Bank in Cincinnati, Ohio, one Note in the amount of $125,000.00; a true and correct copy of said Note, the original of which is in the possession of the Fifth Third Bank, is attached hereto as Exhibit 'A' and is incorporated herein by reference;

"(3) Said Note was secured by one Certificate of Deposit in the amount of $100,000.00 issued by the Deposit Guaranty National Bank of Jackson, Mississippi; said Certificate of Deposit No. 51710 was in the name of 'Thomas E. Lilly *or* Charlene M. Lilly';

"(4) Payments required pursuant to the terms of Exhibit 'A' were not made and said Note became in default and overdue; ·

"(5) Proceeds from the Certificate of Deposit were collected by the Fifth Third Bank and applied to the loan evidenced by Exhibit 'A'[.]" (Emphasis added.)

The terms of the note in question are set forth on a single page. In addition to the information quoted above, the note provided that Fifth Third was given power of attorney to collect upon the certificate of deposit upon any default on the note by Lilly.

On May 22, 1987, appellant filed a single pleading containing a memorandum in opposition to Fifth Third's motion for summary judgment and a cross-motion for summary judgment. This pleading was supported by Lilly's affidavit in which he averred, *inter alia,* that he did not intend to give, and was not aware that he had given, power of attorney to Fifth Third. On June 29, 1987, an entry was placed of record granting partial summary judgment to Fifth Third on the counterclaim and overruling the appellant's motion for summary judgment on the counterclaim. The entry contains a Civ. R. 54(B) certification of no just cause for delay.

From that judgment, appellant brings this timely appeal in which she urges in a solitary assignment of error that the trial court erred by granting Fifth Third's motion for summary judgment. We are unpersuaded.

Appellant first argues that the print setting forth the power of attorney is so inconspicuous as to invalidate the provision on public-policy grounds. We believe that the print setting forth the power of attorney is not inconspicuous. As we stated above, the terms of the note are set forth on only one page: the power-of-attorney print is the same size as most of the other provisions, and the language used is clear and understandable. This argument therefore lacks merit.

Appellant maintains next that the Uniform Commercial Code ("UCC") is not controlling in an action where an instrument (here, the certificate of deposit) is pledged rather than negotiated. R.C. 1303.15 (UCC 3-116) provides in part:

"An instrument payable to the order of two or more persons:

"(A) if in the alternative is payable to any one of them and may be negotiated, discharged, or enforced by any of them who has possession of it[.]"

Appellant concedes that the certificate of deposit was a negotiable instrument under R.C. 1303.15, but she argues that Lilly did not "negotiate, discharge or enforce" it. Instead, he "pledged" the certificate as collateral for the Fifth Third loan, and appellant contends that the UCC does not apply to pledges. This proposition lacks merit. R.C. 1303.23 (UCC 3-202) explains that:

"(A) Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery.

"(B) An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.

"(C) An indorsement is effective for negotiation only when it conveys the entire instrument or any unpaid residue. If it purports to be of less it operates only as a partial assignment.

"(D) Words of assignment, condition, waiver, guaranty, limitation, or disclaimer of liability and the like accompanying an indorsement do not affect its character as an indorsement."

Having initially determined that the power of attorney *sub judice* does not violate public policy concerning its form, we hold that Lilly authorized Fifth Third, upon default, "to collect, sell, assign, transfer and deliver all of said property or any part thereof, * * * free from any right of redemption on the part of [Lilly], which is hereby expressly waived and released."

In addition, we find that the UCC applies to cases such as this in which a certificate of deposit is pledged as security for a loan. The Official Comment to UCC 3-103 provided that the scope of R.C. Chapter 1303 includes certificates of deposit, and further provides that:

"2. Instruments which fall within the scope of this Article [R.C. Chapter 1303] may also be subject to other Articles of the Code [R.C. Chapters 1301, 1302 and 1303 through 1309]. Many items in course of bank collection will of course be negotiable instruments, and the same may be true of collateral pledged as security for a debt. In such cases this Article, which is general, is, in case of conflicting provisions, subject to the Articles which deal specifically with the type of transaction or instrument involved: Article 4 [R.C. Chapter 1304] (Bank Deposits and Collections) and Article 9 [R.C. Chapter 1309] (Secured Transactions). In the case of a negotiable instrument which is subject to * * * Article 9 [R.C. Chapter 1309] because it is used as collateral, the provisions of this Article continue to be applicable except insofar as there may be conflicting provisions in the * * * Secured Transactions Article [R.C. Chapter 1309]."

Further, R.C. 1309.02(B) (UCC 9-102[2]) specifically states that R.C. Chapter 1309 applies to any transaction intended to create a security interest by contract, "including pledge[s] * * *." Thus, under the UCC the note executed by Lilly empowered Fifth Third to apply the proceeds of the certificate of deposit to the amount due it upon Lilly's default, and appellant's protestations to the contrary must fail.

Appellant's final argument is that:

"In Ohio a bank may not set off funds in which a third party has an interest particularly where mutuality of obligation is lacking."

This assertion fails because, as we have observed above, under R.C. 1303.15(A) an instrument payable to two or more persons in the alternative "may be negotiated, discharged, or enforced by any of them who has possession of it[.]"

Accordingly, the appellant's assignment of error is overruled and the judgment of the court below is affirmed.

*Judgment affirmed.*

DOAN and UTZ, JJ., concur.